MATHIAS BREEN and another *vs.* W. H. WATSON and another.

February 3, 1886.

New Trial—Discretion of Court.—The issue determined by the jury in this case was raised upon defendant's counterclaim, only a portion of which was allowed by the verdict. There was evidence in the case which was uncontradicted, tending to prove a larger amount due them. *Held,* that an order granting a new trial on the ground that the verdict was not justified by the evidence was within the reasonable discretion of the trial court to grant, and should not be reversed on appeal.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young,* J., presiding, setting aside a verdict of $500, in favor of plaintiffs, and granting a new trial.

*J. J. Egan* and *M. D. Munn,* for appellants.

*Wilson & Lawrence,* for respondents.

VANDERBURGH, J. The plaintiffs sue for a balance of $642 due for curb-stones furnished by them to defendants, contractors, and required and used by the latter under a contract for street paving with the city of St. Paul. The defendants admit such balance, but set up a counterclaim for damages resulting from the breach of plaintiffs' contract with them to deliver stone for such purposes within the time agreed on. They allege that the plaintiffs were notified of the terms of their contract with the city, and specifically agreed to deliver the stone within the time required for the completion of such contract; that a considerable portion thereof was not furnished by them within the time so agreed on, and that defendants were not able to procure the same elsewhere, and, being required by the city to proceed with the street paving under the contract before the curb-stones were set, they were, in consequence of defendants' default, put to extra trouble, labor, and expense, for which they claim damages, the items of which appear in evidence. The defendants were allowed by the jury only a portion of such counterclaim in reduction of plaintiffs' demand, and the court thereafter, on defendants' motion, set aside the verdict as not justified by the evidence.

We discover no sufficient reason for disturbing the order of the court. Plaintiffs' principal contention upon the trial was that there was no breach of their contract with defendants. This issue, it must be presumed from the verdict, was determined in defendants' favor, and there was no conflict in the evidence in respect to the items of damage claimed by them. In the judgment of the trial court, the jury, in arriving at the amount of their verdict as rendered, could not have given proper consideration and weight to the evidence in the case, and it ought therefore to be submitted to another jury. We need not stop to inquire whether, as matter of strict legal right, the defendants were, upon the evidence, entitled to the whole of the several items of their counterclaim, as testified to by the witnesses; for, in our opinion, the state of the evidence upon the record clearly brings the case within the rule which permits the trial court, in the exercise of a sound discretion, to order a new trial on the ground that the verdict is against the weight of the evidence, and, in its judgment, not justified by it.

Order affirmed.